RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/9/12
ea

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: EUNICE TRAIN DERAILMENT | CIVIL ACTION 00-1267 |
| | JUDGE HAIK |
| | MAGISTRATE JUDGE HILL |

## RULING

Before the Court is a Motion for New Trial/Motion for Reconsideration filed on behalf of Mr. Craig Durbin. The Motion objects to the July 27, 2011 Order of this Court which awarded to the Louisiana Wildlife & Fisheries Foundation *cy pres* award in the amount of $1,063,322.00. Mr. Durbin argues that he and his family are in need and, as part of the class certified in this case, the money should more properly be given to him.

Though styled as a Motion for New Trial, the Motion is more properly considered as a Motion for Relief from a Judgment or Order pursuant to Rule 60, as it relates to an Order of this Court and not a jury or bench trial. Rule 60 sets forth specific grounds for Relief. They are as follows:

1. Mistake, inadvertence, surprise, or excusable neglect.

2. Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

3. Fraud (whether previously called intrinsic or extrinsic), misrepresentations, or misconduct by an opposing party.

4. The judgment is void.

5. The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. For any other reason that justifies relief.

Under Rule 60, a motion must be made "within a reasonable time–and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." The Order at the heart of this motion was issued on July 27, 2011. Mr. Durbin timely filed his motion on August 12, 2011.

Rule 60(b) motions are soundly within the discretion of the Court and denials are set aside only for an abuse of that discretion. *Fackelman v. Bell*, 564 F.2d. 734, 736 (5th Cir. 1977). "Thus, to overturn the district court's denial of this 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion." *Id.* "By definition, a district court abuses its discretion when it makes an error of law or applies an incorrect legal standard." *Klier v. Elf Atochem North America, Inc.*, 658 F.3d. 468 (Fifth Cir., 2011), citing *Koon v. United States*, 518 U.S. 81, 100 (1996).

The Court may rule on Mr. Durbin's motion without an evidentiary hearing as it has written evidence on hand sufficient to make its decision. *McCorvey v. Hill*, 385 F.3d. 846 (5th Cir. 2004). That is, the Court is in possession of all records in this matter pertaining to the class and allocations made to members therein, as well as the full record of all proceedings held in this case since its inception. Additionally, the Court is in possession of both the original Motion for Reconsideration/New Trial, as well as the Supplemental Memorandum filed by Mr. Durbin.

Mr. Durbin does not allege any of the first five grounds for relief. As such, F.R.C.P. 60(b)(6), "any other reason that justifies relief", applies to this case.

Mr. Durbin originally filed a Notice of Appeal in this case on December 21, 2004, objecting to the allocation of the Special Master. The types of evidence listed by Mr. Durbin in his Appeal Notice closely mirror the allegations of his current Motion for Reconsideration. On December 30, 2004, the Court held an evidentiary hearing and allowed Mr. Durbin, and all other appellants, the opportunity to present evidence and witnesses in support of their objections. Rulings were made in each case. On January 11, 2005, Mr. Durbin filed a Motion to Dismiss his Notice of Appeal to the Fifth Circuit (Doc. 1087), which was granted. To allow Mr. Durbin to now raise issues he was given an opportunity to explore seven years ago and to collaterally contest his allocation through this current objection to a *cy pres* award is unjust an unfair. Additionally, between May 21, 2008 and July 31, 2009, this Court issued six separate *cy pres* awards in this litigation. None of these allocations drew complaints from Mr. Durbin.

Mr. Durbin has presented nothing in his Motion for Reconsideration/New Trial that has not already been presented to the Court and considered when originally making allocations to the class members. In his Supplemental Memorandum, Mr. Durbin cites the recent Fifth Circuit decision of *Klier v. Elf Atochem North America, Inc.*, 658 F.3d. 468 (Fifth Cir., 2011), in which the Court reversed the granting of a *cy pres* award and allocated the funds among certain class members. The cited case is distinguishable from the instant case on virtually every point. Namely, the *Klier* case involved a settlement agreement in which it was agreed that residual funds were to be distributed within the class and it was requested by the settlement administrator that the remaining funds be distributed among a specific subclass, which had not been adequately

compensated. Further, the *cy pres* distribution was allegedly made to charities lacking a sufficient nexus to the underlying "substantive objectives of the class suit."

The bargained-for terms of the Settlement Agreement in the instant matter do not contain the directives and limiting language of the agreement in the *Klier* case and residual funds were not requested for distribution by the settlement administrator in this case. Additionally, in the *Klier* case, the request for the distribution of funds was for distribution among a certain subclass of the most impacted individuals who had not been adequately compensated and to whom a potential distribution was contemplated by the terms of the agreement. In the instant case, Mr. Durbin seeks funds only for himself, not for a subclass of individuals similarly situated, under an agreement that does not contemplate such action. Further, Mr. Durbin has been adequately compensated and was given the opportunity to pursue an appeal, which he chose not to do, approximately seven years ago. Additionally, and importantly, the *cy pres* distribution to the Louisiana Wildlife & Fisheries Foundation to rebuild and revitalize the Eunice City Lake for the enjoyment and betterment of the community is intimately connected to the objectives of this suit and the class. The train derailment in Eunice affected not only individuals, but the community as a whole. To allow residual funds from the settlement to better the community by revitalizing an important body of water which was heavily impacted by the accident and which is present for the enjoyment of all is vastly different from the situation in the *Klier* case. The rebuilding and revitalization of the Eunice City Lake is exactly the type of outcome we hope for in cases such as this. From a tragic accident comes a positive place for the community as a whole.

In conclusion, the arguments set forth by Mr. Durbin do not set forth the exceptional circumstances necessary to justify the granting of relief pursuant to F.R.C.P. 60(b). Further, the *Klier* case, on which Mr. Durbin relies for support, is inapplicable to this matter. As such, the Motion for New Trial/Motion for Reconsideration is **DENIED and DISMISSED with prejudice.**

**THUS DONE and SIGNED on this 3rd day of January, 2012.**

_____
**RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA**