UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE EUNICE TRAIN DERAILMENT     CIVIL ACTION NO. 00-CV-01267

JUDGE HAIK

MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before this Court is the motion to proceed *in forma pauperis* that was filed by Craig Durbin.  (Rec. Doc. 1285).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be DENIED.

### BACKGROUND

This class-action lawsuit arose out of a train derailment and subsequent chemical release and fire that occurred on May 27, 2000 in Eunice, Louisiana.  On July 27, 2011, the district court ordered (Rec. Doc. 1269) that a cy pres award be made to the Louisiana Wildlife & Fisheries Foundation for the sole and exclusive benefit of the Eunice City Lake Management Plan in the amount of $1,063,322.00. Craig Durbin, who claims to have formerly been a class representative (Rec. Doc. 1273 at 1) opposes the cy pres award.  He filed a motion for new trial and/or for

reconsideration (Rec. Doc. 1273), in which he explained that he and several of his neighbors now have a particular kind of cancer that he attributes to the chemical release that followed the derailment.  He asked that a portion of the funds allocated to the Eunice City Lake Project be paid to himself and his family instead.

The district court considered Mr. Durbin's motion but found that "the arguments set forth by Mr. Durbin do not set forth the exceptional circumstances necessary to justify the granting of relief. . . ." (Rec. Doc. 1281 at 3).  On January 9, 2012, his motion was denied.  (Rec. Doc. 1281 at 3).

On January 24, 2012, Mr. Durbin filed a notice of appeal.  (Rec. Doc. 1282). Although the motion indicates that Mr. Durbin was "appearing pauper," the notice does not request that Mr. Durbin be permitted to proceed *in forma pauperis* either in the district court or on appeal.  No separate motion for *in forma pauperis* status  was filed along with the notice of appeal.

On March 9, 2012, the Fifth Circuit ruled that Mr. Durbin's appeal was dismissed because he failed to timely pay the required docketing fee.  (Rec. Doc. 1284 at 1).

Almost two months later, on April 30, 2012, Mr. Durbin filed an application to proceed in the district court *in forma pauperis*.  (Rec. Doc. 1285).  The application

was not accompanied by a motion nor was there an explanation that he actually was seeking to proceed on appeal *in forma pauperis*.

Apparently, Mr. Durbin attempted to reinstate the appeal.  A memorandum to counsel from the clerk of court for the Fifth Circuit Court of Appeals, dated May 1, 2012, advised that the Fifth Circuit had "denied appellant Craig Durbin's motion to reinstate the appeal for this case."  (Rec. Doc. 1286).

On May 18, 2012, Mr. Durbin's application for *in forma pauperis* status was referred to the undersigned for report and recommendation.  (Rec. Doc. 1287).

## ANALYSIS

Based on the timing of the motion for reconsideration, the notice of appeal, and the application for *in forma pauperis* status, the undersigned finds that Mr. Durbin's application was for the purpose of obtaining pauper status in connection with his appeal of the district court's denial of his motion seeking a part of the cy pres award for himself.

Under Rule 24 of the Federal Rules of Appellate Procedure, a litigant seeking to appeal *in forma pauperis* must first file a motion with the district court, attaching an affidavit detailing the litigant's inability to pay, claiming entitlement to redress, and stating the issues that the party intends to present on appeal.

-3-

The Fifth Circuit has set forth the standard that a district court must follow in deciding whether to grant a party leave to appeal *in forma pauperis*:

> Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith.  See also Fed.R.App.P. 24(a).  "Good faith" is demonstrated when a party seeks appellate review of any issue "not frivolous." . . . An investigation into the in forma pauperis movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous.)"[1]

Implicit in Rule 24 is a deadline for seeking pauper status.  Such a motion is to be filed within the appeal deadline.  This is clear from the line of cases holding that a motion for *in forma pauperis* status filed within the thirty-day deadline for bringing an appeal constitutes a notice of appeal.  "Under well-settled principles, a timely motion to proceed in forma pauperis on appeal is the substantial equivalent of a notice of appeal and is effective to invoke appellate jurisdiction."[2]

But the opposite cannot be said.  Filing a timely notice of appeal without including a motion for pauper status cannot confer pauper status on a litigant.  Mr.

---

[1]     *Howard v. King*, 707 F.2d 215, 219–220 (5th Cir. 1983) (citations omitted).

[2]     *Fischer v. U.S. Dept. of Justice*, 759 F.2d 461, 464 (5th Cir. 1985).  See, also, *United States v. Leach*, 918 F.2d 464, 466, n. 5 (5th Cir. 1990); *Robbins v. Maggio*, 750 F.2d 405, 408-09 (5th Cir. 1985).

Durbin did not follow the procedure set forth in Rule 24. His notice of appeal claimed entitlement to appeal and stated the issues he intended to present to the Fifth Circuit, but the notice was not accompanied by the required financial affidavit.

The undersigned further notes that Mr. Durbin has not appeared in this matter *pro se* but is represented by counsel. Therefore, Mr. Durbin's motion cannot be reviewed under the less stringent standards accorded to *pro se* litigants.[3] of The undersigned further finds that, since the notice of appeal mentions pauper status, albeit awkwardly, Mr. Durbin's counsel had given some thought to obtaining pauper status for Mr. Durbin not later than the date that the notice of appeal was filed in January. But the application for *in forma pauperis* status was not filed at that time. In fact, it was not filed until more than three months later, after the Fifth Circuit had already declined to hear the appeal because the filing fee was not timely paid.

Under these circumstances, the undersigned finds that Mr. Durbin's application for pauper status was untimely and should, for that reason, be denied.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Mr. Durbin's motion for *in forma pauperis* status on appeal (Rec. Doc. 1285) be DENIED.

---

[3]     *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

-5-

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 30th day of July 2012.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE